UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MANUEL ROSADO,                                                              Civ. Action No.

                            Plaintiff,

   -against-

BENCHMARK CONTRACTING INC. and
ANDREW COLLINS,

                           Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, MANUEL ROSADO (hereinafter, "Plaintiff"), as and for his Complaint against Defendants, BENCHMARK CONTRACTING INC. and ANDREW COLLINS (hereinafter, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the New York Codes, Rules, and Regulations Parts 142 and 146 (hereinafter, the "Regulations") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff was employed by Defendants as a manual laborer from on or about March 4, 2018 until on or about January 4, 2019 at their construction company located at 3924 58th Street, Woodside, New York 11377.

6. According to the New York State Department of State, Division of Corporations, Defendant Benchmark Contracting Inc. (hereinafter, "Benchmark") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. According to the New York State Department of State, Division of Corporations, Defendant Benchmark maintains a mailing address for service of process at 3924 58th Street, Woodside, New York 11377.

8. Upon information and belief, Defendant Benchmark maintains a corporate office located at 900 Nepperhan Avenue, Yonkers, New York 10703.

9. Throughout Plaintiff's employment, Defendant Benchmark maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

10. Upon information and belief, Defendant Collins is a resident of the State of New York.

11. Upon information and belief, throughout Plaintiff's employment, Defendant Collins was and continues to be an owner of Defendant Benchmark.

12. Upon information and belief, throughout Plaintiff's employment, Defendant Collins was an owner, corporate officer, director, and/or managing agent of Defendant Benchmark.

13. Upon information and belief, throughout Plaintiff's employment, Defendant Collins was the President of Defendant Benchmark.

14. Upon information and belief, throughout Plaintiff's employment, Defendant Collins exercised operational control over Defendant Benchmark, controlled significant business functions of Defendant Benchmark, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Benchmark in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

15. Upon information and belief, throughout Plaintiff's employment, Defendant Collins participated in running the daily operations of Defendant Benchmark.

16. Upon information and belief, throughout Plaintiff's employment, Defendant Collins participated in the management and supervision of Plaintiff and his work for Defendant Benchmark.

17. Defendants Benchmark and Collins are covered employers within the meaning of the FLSA and the NYLL, and at all respective times, jointly employed Plaintiff.

## **FACTS**

18. At all respective times relevant to this action, Plaintiff was employed as a manual laborer for the benefit of and at the direction of Defendants at their construction sites in Queens and Manhattan.

19. Throughout his employment with Defendants, Plaintiff's primary duty was to assist in the construction of the columns and walls of Defendants' construction projects.

20. Throughout his employment with Defendants, Plaintiff worked six (6) days per week, Monday through Friday from or about 7:00 a.m. until or about 6:30 p.m., and Saturday from or about 8:00 a.m. until or about 4:00 p.m.

21. Throughout Plaintiff's employment, Plaintiff received a thirty (30) minute lunch break each shift.

22. Throughout Plaintiff's employment, Plaintiff generally worked sixty-two and one-half (62.5) hours per week.

23. Throughout Plaintiff's employment, Defendants paid Plaintiff an hourly rate of pay.

24. Throughout Plaintiff's employment, Defendants paid Plaintiff by check on a weekly basis.

25. Throughout Plaintiff's employment, Defendants paid Plaintiff straight time for all of the hours that he worked.

26. Throughout Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) hours each week.

27. Throughout Plaintiff's employment, Defendants did not pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

28. During the final three (3) weeks of Plaintiff's employment with Defendants, Defendants provided Plaintiff with checks drawn on accounts without sufficient funds. As a result, Plaintiff was not paid any wages for this time worked.

29. During the final three (3) weeks of Plaintiff's employment with Defendants, Defendants did not pay Plaintiff his regular rate of pay for any of the hours that he worked.

30. Throughout Plaintiff's employment, Plaintiff was required to sign a blank timesheet and his supervisor filled in the time he worked each day, the accuracy of which are unknown.

31. Defendants failed to provide Plaintiff with a notice and acknowledgment of pay rate and pay day, or any other type of wage notice, at the time of his hiring, or at any time thereafter, as required by NYLL § 195(1).

32. Defendants failed to provide Plaintiff with accurate earnings statements, paystubs, cash receipts, or any other type of wage statement along with all of his weekly pay, as required by NYLL § 195(3).

33. Defendant Collins participated in the decision to hire Plaintiff.

34. Defendant Collins participated in the decision to fire Plaintiff.

35. Defendant Collins participated in the daily supervision of Plaintiff's duties during Plaintiff's employment.

36. Defendant Collins participated in setting Plaintiff's work schedule during Plaintiff's employment.

37. Defendant Collins participated in deciding the manner in which Plaintiff was paid during Plaintiff's employment.

38. Defendant Collins participated in running the day-to-day operations of Defendant Benchmark during Plaintiff's employment.

39. Defendant Collins participated in deciding the hours that Plaintiff worked each week during Plaintiff's employment.

40. Defendant Collins participated in deciding the job duties that Plaintiff performed on a daily basis during Plaintiff's employment.

41. During Plaintiff's employment, Defendants managed Plaintiff's employment, including the amount of overtime he worked.

42. During Plaintiff's employment, Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

43. Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of wages to which he was entitled for this work time under the law.

44. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

45. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

46. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

47. Plaintiff was entitled to overtime pay as required by the FLSA because he was employed by an enterprise engaged in commerce or in the production of goods for commerce.

48. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Benchmark is an enterprise engaged in commerce or in the production of goods for commerce.

49. At all times relevant to this Complaint, Defendant Benchmark had and continues to have two or more employees handle goods or materials that have moved in interstate commerce,

including Plaintiff who handled construction materials and equipment that originated outside of the State of New York.

50. Upon information and belief, the gross annual volume of sales made or business done by Defendant Benchmark for the years 2017 and 2018 was not less than $500,000.00.

51. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

53. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

54. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

55. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

56. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

57. Defendants have not acted in good faith with respect to the conduct alleged herein.

58. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

59. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

60. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

61. At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

62. At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

63. At all times relevant to this Action, Defendants employed Plaintiff by suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

64. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

65. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2 and 146-1.4.

66. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law.

67. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

8

68. Plaintiff was not exempt from the overtime provisions of the New York Labor Law, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

69. Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

70. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

71. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

72. By the above-alleged conduct, Defendants suffered and permitted Plaintiff to work for the final three (3) weeks of his employment without paying Plaintiff his regular rate of pay or any compensation at all.

73. Defendants repeatedly accepted the fruits of Plaintiff's labor during the final three (3) weeks of his employment without paying Plaintiff his regular rate of pay or any compensation at all.

74. Defendants' failures to pay Plaintiff for all of the hours that he worked during the final three (3) weeks of his employment constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

9

75. As a result of Defendants' violation of NYLL Sections 191 and 198 and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

76. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

77. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

78. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting New York Labor Articles.

79. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

82. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting New York Labor Articles.

83. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A. Declare and find that Defendants committed one or more of the following acts:

       1.       Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

       2.       Willfully violated the provisions of the FLSA;

       3.       Violated the provisions of the NYLL by failing to pay overtime compensation and regular wages to Plaintiff;

       4.       Willfully violated the applicable provisions of the NYLL;

       5.       Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B.       Award compensatory damages, including all overtime compensation and regular wages owed, in an amount according to proof;

C.       Award liquidated damages under the NYLL, or alternatively the FLSA;

D.       Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

E.       Award all costs, attorney's fees incurred in prosecuting this action, and statutory penalties under the NYLL; and

F.       Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       January 25, 2019

       _____
       Neil H. Greenberg, Esq.
       Keith E. Williams, Esq.
       Neil H. Greenberg & Associates, P.C.
       *Attorneys for the Plaintiff*
       4242 Merrick Road
       Massapequa, New York 11758
       Tel: 516.228.5100
       keith@nhglaw.com

**FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM**

Doy mi consentimiento para ser parte demandante en una demanda contra Benchmark Contracting Inc. and Andrew Collins y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against Benchmark Contracting Inc. and Andrew Collins. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Date/Fecha: 1/11/2019

_____
Manuel Rosado

- 1 -